UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY MARIE BRIERE, | ) | Case No.: 1:21 CV 2323 |
| Plaintiff | ) ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant | ) | <u>ORDER</u> |

Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner"), denied Plaintiff Tiffany Marie Briere's ("Plaintiff") application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On December 10, 2021, Plaintiff sought judicial review of the Commissioner's decision. (ECF No. 1.) On April 5, 2022, Plaintiff filed a Brief on the Merits (ECF No. 8), challenging the Administrative Law Judge's ("ALJ") decision that her benefits are not supported by substantial evidence. Specifically, Plaintiff contends that the ALJ committed an error of law and his decision was not supported by substantial evidence because: (1) "the ALJ failed to provide any explanation of whether Plaintiff's severe fibromyalgia and the resulting symptoms and functional limitations therefrom medically equal the listings"; and (2) "[t]he ALJ committed the same error by failing to explain whether Plaintiff's severe chronic fatigue syndrome and the resulting symptoms and functional limitations therefrom medically equal the listings". (Pl.'s Br. at #1, ECF No. 8.) The Commissioner filed a Response Brief (ECF No. 10) on May 31, 2022. Pursuant to Local Rule 72.2(b)(1), the court referred the case to Magistrate Judge William H.

Baughman to prepare a Report and Recommendation ("R & R"). On September 13, 2022, the case was reassigned to Magistrate Judge Jennifer Dowdell Armstrong ("Magistrate Judge" or "Magistrate Judge Armstrong"), pursuant to General Order 2022-14 (ECF No. 14), to prepare a R & R.

Magistrate Judge Armstrong submitted an R & R (ECF No. 15) on February 24, 2023, recommending that the court affirm the Commissioner's decision. The R & R begins by addressing Plaintiff's first argument: that the ALJ committed harmful error at Step Three because the ALJ failed to consider whether her fibromyalgia or chronic fatigue syndrome medically equal a listing or combine with other impairments to medically equal a listing. (R & R at PageID #1702, ECF No. 15.) The R & R finds that Plaintiff waived those arguments because she failed to properly develop them in her merits brief. (*Id.*) The R & R states that:

> [Plaintiff] does not cite the criteria for either Listing 14.09D [regarding her fibromyalgia] or 14.06B [chronic fatigue syndrome], let alone point to specific evidence in the record demonstrating that she satisfies all those criteria. [Plaintiff] does elaborate on those arguments in her reply brief, and argues that there is a "substantial question" regarding whether her fibromyalgia and chronic fatigue syndrome medically equal a listing. However, "arguments should not be raised or only developed for the first time in a Reply Brief."

(*Id.* at PageID #1703) (citing *Albrecht v. Comm'r of Soc. Sec.*, No. 1:14CV2116, 2015 WL 4985475, at *6 n.3 (N.D. Ohio Aug. 18, 2015)); *see also Bender v. Comm'r of Soc. Sec.*, No. 11-CV-1546, 2012 WL 3913094, at *8 (N.D. Ohio Aug. 17, 2012), *report and recommendation adopted*, 2012 WL 3913091 (N.D. Ohio Sept. 7, 2012) ("It is well-established that a party should not raise new arguments in a reply brief."). Accordingly, the R & R concludes that Plaintiff has waived her arguments by failing to properly develop them in her merits brief. (*Id.* at PageID #1704.)

Next, the R & R finds that even if Plaintiff had not waived her arguments, that the ALJ erred at Step Three, Plaintiff's arguments fail on the merits. (*Id.*) At Step Three, an ALJ must "compare the medical evidence with the requirements for listed impairments in considering whether the

condition is equivalent in severity to the medical findings for any Listed Impairment." *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 415 (6th Cir. 2011). The R & R notes that the ALJ did not compare Plaintiff's fibromyalgia or chronic fatigue syndrome to the requirements for any listed impairment at Step Three. (R & R at PageID #1704, ECF No. 15.) Instead, Plaintiff's fibromyalgia and chronic fatigue syndrome were encompassed by the catch-all statement that, "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 40.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (*Id.*) (citing TR 44.) Accordingly, the R & R frames the question as whether the ALJ's failure to expressly analyze Plaintiff's fibromyalgia and chronic fatigue syndrome at Step Three constitutes reversible error. (*Id.*)

The R & R finds that Plaintiff had not met her burden of proving that her impairments medically equal a listing because Plaintiff did not mention her fibromyalgia or chronic fatigue syndrome in her testimony before the ALJ and her counsel, at the hearing before the ALJ, did not argue that those impairments medically equaled Listings 14.09D or 14.06B. (*Id.* at PageID #1705); *see Lusk v. Comm'r of Soc. Sec.*, 106 F. App'x 405, 411 (6th Cir. 2004) (noting that it is the claimant's burden at Step Three to prove that an impairment medically equals a listing); *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) (noting that to meet that burden, a claimant must "present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency."). Specifically, the R & R states that, "[b]ecause [Plaintiff] failed to raise her fibromyalgia or chronic fatigue syndrome at the hearing, the ALJ did not commit reversible error in failing to address Listings 14.06B or 14.09D." (*Id.*) Additionally, the R & R notes that even where an ALJ does not include a detailed analysis at Step Three, courts should still affirm the decision so

long as the ALJ "made sufficient factual findings elsewhere in his decision to support his conclusion at step three." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). The R & R determines that, "[a]lthough a close question, the ALJ did include sufficient factual findings elsewhere in the decision to support his conclusion at Step Three that [Plaintiff] did not meet or equal either listing, particularly given [Plaintiff's] failure to raise either impairment at the hearing." (R & R at PageID #1706, ECF No. 15.)

The R & R concludes, with respect to her fibromyalgia, that the ALJ discussed the factors pertinent to whether her fibromyalgia medically equals Listing 14.09D, elsewhere in the decision. That discussion supported his conclusion that Plaintiff's fibromyalgia did not medically equal Listing 14.09D. (*Id.*) After reviewing the ALJ's review of Plaintiff's medical record, the R & R concludes "[t]hat evidence [the review of Plaintiff's medical record] supports the conclusion that [Plaintiff] did not satisfy Listing 14.09D because she did not experience repeated manifestations of inflammatory arthritis with severe fatigue and malaise and was able to carry out daily living activities." (*Id.* at PageID #1706–07.) Next, with respect to Plaintiff's chronic fatigue syndrome, the R & R determines that the evidence the ALJ cited—including that Plaintiff cares for her children and dog, takes short walks, cooks daily, and shops in stores— "sufficiently supports a conclusion that [Plaintiff] did not satisfy Listing 14.06B because she did not exhibit repeated manifestations of undifferentiated or mixed connective tissue disease with severe fatigue, malaise, and limitation of activities of daily living." (*Id.* at PageID #1707.) Further the R & R notes that while it would have been preferable for the ALJ to specifically analyze Plaintiff's fibromyalgia and chronic fatigue syndrome at Step Three, the error was harmless in light of the ALJ's discussion of those impairments elsewhere in the decision. (*Id.*) Therefore, the R & R concludes that ,"because the ALJ's Step Three analysis was supported by substantial evidence discussed elsewhere in the ALJ's decision, the presence of

contrary evidence in the record does not warrant remand." (*Id.* at PageID #1708.)

Plaintiff filed an Objection (ECF No. 16) on March 2, 2023. The Objection raises three arguments. First, the Objection maintains that the R & R's finding, "that Plaintiff waived any argument regarding medical equivalence by failing to adequately develop same [sic] in her Brief on the Merits", contained factual and legal errors. (Obj. at #2, ECF No. 16.) Second, the Objection argues that the R & R's application of issue exhaustion to the matter was legal error. (*Id.* at #7.) Third, the Objection contends that the R & R's finding, that substantial evidence supported a finding that Plaintiff's fibromyalgia and chronic fatigue syndrome did not medically equal a listed impairment, contained legal errors. (*Id.* at #9.) The Commissioner filed a Response (ECF No. 17) to Plaintiff's Objections on March 16, 2023, arguing that Plaintiff's Objection merely rehashes arguments that she raised in her merits brief and that Magistrate Judge Armstrong addressed and rejected in the R & R.

The court finds, after careful *de novo* review of the parties' arguments, the R & R, Plaintiff's Objection, the Commissioner's Response, and all other relevant documents in the record, that Magistrate Judge Armstrong's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Magistrate Judge Armstrong's R & R. The court hereby affirms the Commissioner's decision.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 29, 2023